**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Carlton Landis (#24449-056), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 50290 |
| v. ) | |
| ) | Hon. Philip G. Reinhard |
| Federal Bureau of Prisons, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's amended application for leave to proceed *in forma pauperis* [5] is denied without prejudice. Plaintiff must either (1) submit a renewed application that complies with the instructions in this order; or (2) pay the full statutory filing fee of $400.00. Failure to comply with this order by February 18, 2020, will result in summary dismissal of this case. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to keep the court informed of his address may lead to dismissal of this action for failure to comply with a court order and for want of prosecution. The Clerk of Court is directed to send plaintiff a blank application to proceed *in forma pauperis* and a copy of this order. In order to facilitate compliance with the directives in this order, the Clerk of Court is further directed to forward a copy of this order to the inmate trust account office at Thomson.

## STATEMENT

Plaintiff Carlton Landis, a federal inmate presently being held at Thomson AUSP, brings this action *pro se* under Freedom of Information Act ("FOIA"), 5 U.S.C. § 551. He seeks to file his complaint *in forma pauperis*, but his amended application for leave to proceed *in forma pauperis* is again incomplete. The court therefore denies the application.

As plaintiff was instructed in the court's order of December 3, 2019, the Prison Litigation Reform Act (PLRA) requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner is not able to prepay the fee, he may submit an application to proceed *in forma pauperis* to pay the fee with monthly deductions from his trust fund account. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money the prisoner has on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff was ordered to submit an application to proceed *in forma pauperis* that was signed by him, certified by an appropriate official, and accompanied by a complete copy of plaintiff's trust fund statement showing activity in his account or accounts for the six-month period immediately preceding the submission of his complaint (from May 4, 2019, to November 4, 2019). Plaintiff was also ordered to submit financial information from other institutions if he was incarcerated at more than one facility during the six months prior to filing suit. Plaintiff was also reminded that in the alternative to the foregoing, he may pay the full statutory filing fee of $400.00.

The IFP application submitted by plaintiff does contain a certification by a prison official and an attachment entitled "Inmate Statement." However, the inmate statement does not include a transactional history, and the attachment appears to contain information only from Thomson Federal Prison dating from July 31, 2019, presumably when plaintiff was transferred there. The statement indicates that plaintiff has $293.75 in his trust account, but that the funds are somehow "encumbered." The statement does not make clear where those funds came from, when plaintiff acquired them, or why and how they are "encumbered." The court cannot ascertain plaintiff's ability to pay the filing fee in this case without a better picture of his financial history during the six-month look-back period provided for by the PLRA. Thus, if plaintiff wishes to proceed with this case as a pauper, he must submit another amended IFP application that provides the court with additional information, including a summary showing deposits and withdrawals over the six months prior to filing suit and a detailed transaction report of all deposits and debits from May 4, 2019, through the date he obtains it. Plaintiff must also provide the financial information for the period from May 4, 2019, through July 31, 2019, from whatever facility at which he was incarcerated prior to being transferred to Thomson. If plaintiff fails to comply, this case will be dismissed. In order to facilitate compliance, the Clerk of Court is directed to forward a copy of this order to the inmate trust account office at Thomson.

When deciding how to proceed, plaintiff should consider that the PLRA requires all inmates to pay the filing fee, even if the case is summarily dismissed. *See* 28 U.S.C. § 1915(b)(1). Thus, he must either pay the full filing fee upfront or pay the filing fee over time in installments consisting of 20% of his monthly income (including money sent by family and friends) until the filing fee is paid in full. If he is allowed to pay in installments, the collections from his account will follow him even if he is transferred to another facility. Waiver of the fee is not an option.

The Clerk of Court is directed to send plaintiff a blank application to proceed *in forma pauperis*.

Date: 01/17/2020                    ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)