UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLTON THEODORE LANDIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-0504 (CKK) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OPINION and ORDER**

Plaintiff submitted requests under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Office of Personnel Management ("OPM"), the Federal Bureau of Prisons ("BOP"), the Executive Office for United States Attorneys ("EOUSA"), and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). When he filed this case in the United States District Court for the Northern District of Illinois on November 4, 2019 (ECF No. 1), he had not received responses to his requests. The case was transferred to this federal district court on March 3, 2021 (ECF No. 29). Defendants filed an Answer on July 28, 2021 (ECF No. 42), and a motion for partial summary judgment on May 4, 2022 (ECF No. 55). On February 16, 2023, the Court granted defendants' motion in part and denied the motion in part (ECF No. 71). The Court concluded that BOP conducted reasonable searches for records responsive to plaintiff's FOIA requests and failed to justify its reliance on Exemption 6 to withhold certain information about its employees. In addition, the Court concluded that ATF properly withheld in

1

full under Exemptions 7(C) and 7(F) information about holders of federal explosives licenses in Pennsylvania.

This matter is before the Court on plaintiff's Motion for Summary Judgment (ECF No. 64) and Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Defendant EOUSA and OPM's Cross-Motions for Summary Judgment (ECF No. 68). Because BOP's decision to withhold information about its employees is the topic of a separate motion (ECF No. 74), and because all claims regarding ATF have been resolved, here the Court discusses only EOUSA's and OPM's responses to plaintiff's FOIA requests. For the reasons discussed below, the Court DENIES both motions without prejudice.[1]

## I. Plaintiff's FOIA Requests

### A. FOIA Requests to EOUSA

There is some confusion about the number and nature of plaintiff's FOIA requests to EOUSA. Plaintiff represents that he "made about ten . . . FOIA requests" to EOUSA in 2019 and 2020, and that "[t]hese requests were no more than modifications of [his] original FOIA request." Pl.'s Reply at 6.[2] Plaintiff does not identify which of these 10 requests is the "original" request as distinguished from the "modifications." Only one request, designated

---

[1] The Court's consideration focused on the following documents:

- Plaintiff's Motion for Summary Judgment (ECF No. 64), including his Brief in Support of Summary Judgment (ECF No. 64 at 3-13, "Pl.'s Mem.") and Statement of Material Facts (ECF No. 64-1, "Pl.'s SMF")
- Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Defendant EOUSA and OPM's Cross-Motions for Summary Judgment (ECF No. 68), including Defendants' Statement of Material Facts (ECF No. 68-1, "Defs.' SMF") and the declarations of Auborn Finney (ECF No. 68-1, "Finney Decl.") and Becky C. Ronayne (ECF No. 68-3, "Ronayne Decl.")
- Plaintiff's Reply to Defendant's Opposition (ECF No. 72, "Pl.'s Reply")

[2] Unless stated otherwise, all page numbers are those designated by CM/ECF.

2

EOUSA-2019-002411, is mentioned in the complaint, *see* Compl. at 11, and only one request, designated EOUSA-2019-003111, is referenced in plaintiff's summary judgment motion, *see* Pl.'s Mem. at 7-9.  Consequently, the Court proceeds as if these are the only EOUSA requests at issue.

### 1. Request Number EOUSA-2019-002411

EOUSA received a FOIA request from plaintiff on March 29, 2019, seeking information about a civil action in the United States District Court for the Middle District of Pennsylvania, *Bone v. Crawford*, No. 3:14-cv-1712, and a criminal action in the United States District Court for the Eastern District of North Carolina, *United States v. Landis*, No. 5:13-cr-00189.  *See* Defs.' SMF ¶ 2; Finney Decl. ¶ 5 & Ex. A (ECF No. 68-2 at 8-13).  EOUSA assigned the matter a tracking number, EOUSA-2019-002411, Defs.' SMF ¶ 2, and on September 9, 2019, EOUSA released in full 216 pages of records, *id*. ¶ 10; *see* Finney Decl., Ex. E (ECF No. 68-2 at 29-30).  EOUSA has no record of "any follow up inquiries or appeals from [p]laintiff regarding [this] request[]."  Defs.' SMF ¶ 11.

### 2. Request Number EOUSA-2019-003111

Plaintiff's May 6, 2019, FOIA request to EOUSA, received on May 22, 2019, Defs.' SMF ¶ 3, sought "documents related to all cases, within the last three years, that [the] office has represented any prison staff member(s) employed at United States Penitentiary Lewisburg (Pennsylvania/Middle District) for violating any inmate's civil rights while that inmate was incarcerated" there, Finney Decl., Ex. B (ECF No. 68-2 at 14-15).

EOUSA referred the matter, designated EOUSA-2019-003111, to the United States Attorney's Office for the Western District of Pennsylvania "given that the prison is located in that district and [plaintiff] specifically requested that district to perform the search."  Defs.' SMF

3

¶ 6.  No responsive records were located, and EOUSA notified plaintiff of the search results by letter dated August 21, 2019.  Defs.' SMF ¶¶ 7-8; *see* Finney Decl., Ex. D (ECF No. 68-2 at 26-27).

### B. FOIA Requests to OPM

According to plaintiff, he "sent a FOIA request to the OPM in 2018 requesting the names and past and present salaries, titles, duty stations, etc., of all BOP employees employed with the BOP in 2017," Pl.'s SMF ¶ 7, and received no response, *id*. ¶ 8.  According to OPM, the agency did not receive plaintiff's 2018 request.  Defs.' SMF ¶ 17.

Plaintiff sent a second request to OPM in 2019 for "the names and past and present salaries, titles, duty stations, etc., of all BOP employees employed by the BOP in 2018."  Pl.'s SMF ¶ 9.  On March 1, 2019, OPM received this request, Defs.' SMF ¶ 18, and assigned the matter a tracking number (2019-03611), *id*. ¶ 19.  By letter dated March 21, 2019, OPM advised that "his request was considered commercial" and fees would be assessed for processing it.  *Id*.  Because the letter was returned unopened, and because OPM had no alternative address for plaintiff, OPM administratively closed the matter.  *Id*.; Ronayne Decl. ¶ 8.

After this litigation commenced, "OPM . . . processed [p]laintiff's FOIA request for both 2017 and 2018[.]"  Defs.' SMF ¶ 21.  Staff of OPM's Human Capital Data Management and Modernization Directorate located responsive records in the Enterprise Human Resources Integration database, *see* Ronayne Decl. ¶¶ 6, 11, and OPM "made . . . redactions pursuant to FOIA Exemption 6 on the basis of OPM's data release policy, which provides for the redaction of identities and duty station locations of individuals in sensitive occupations, employed by designated Security Agencies, or at the Department of Defense," Ronayne Decl. ¶ 13; *see* Defs.' SMF ¶ 25.

On May 3, 2022, by certified mail, OPM sent plaintiff "a disc with information concerning persons employed at BOP in 2017 and 2018." Defs.' SMF ¶ 24; *see* Ronayne Decl. ¶ 12 & Ex. A (ECF No. 68-3 at 6-8). The files had been "zipped, encrypted and password-protected using WinZip version 23.0," and the password was to be sent to plaintiff separately, Ronayne Decl., Ex. A (ECF No. 68-3 at 6). Plaintiff represented that he received the password but not the disc. *See* Pl.'s SMF, Notes (ECF No. 64-1 at 9). He further represented that he had requested the records in paper form, and demands OPM provide the records in the format of his choosing. Pl.'s Reply at 9-10.

## II. Legal Standard

A FOIA case typically is resolved on a motion for summary judgment. *See Petit-Frere v. U.S. Attorney's Office for the Southern District of Florida*, 800 F. Supp. 2d 276, 279 (D.D.C. 2011) (citations omitted), *aff'd*, No. 11-5285, 2012 WL 4774807, at *1 (D.C. Cir. Sept. 19, 2012) (per curiam). The Court grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An agency may meet its burden solely on the basis of affidavits or declarations, *see Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999), as long as they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith," *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (footnote omitted).

**III. Discussion**[3]

### A. Adequacy of Searches for Responsive Records

An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted). The Court may rely on an agency's "reasonably detailed [declarations], setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena*, 180 F.3d at 326 (quoting *Oglesby*, 920 F.2d at 68) (internal quotation marks omitted).

#### 1. EOUSA's Searches for Responsive Records

##### a. Request Number EOUSA-2019-002411

Plaintiff does not challenge the EOUSA's search for records responsive to Request Number EOUSA-2019-002411 in his summary judgment motion. Nevertheless, EOUSA is not entitled to summary judgment on this point because it fails to demonstrate that its search was reasonable under the circumstances. Its declarant states that a search yielded 216 records which were released in full. Finney Decl. ¶ 13; *see* Defs.' SMF ¶ 10. EOUSA neither indicates what

---

[3] The Court denies defendants' motions for summary judgment, *see* Defs.' Mem. at 15-16, on the ground plaintiff failed to exhaust administrative remedies prior to filing this lawsuit. Exhaustion is not a jurisdictional requirement, *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), and instead is a prudential consideration, *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). The Court accepts plaintiff's representations that he did not receive responses to Request Number EOUSA-2019-002411 and OPM 2019-03611, *see* Pl.'s Decl. (ECF No. 72 at 12-14) ¶ 5; Pl.'s SMF, Notes (ECF No. 64-1 at 9), and therefore had not been advised of his right to pursue administrative appeals of the agencies' initial determinations. And although plaintiff did receive a response regarding Request Number EOUSA-2019-003111, the Court excuses this *pro se* plaintiff's misguided attempt to "appeal" the initial determination by filing a "modified" FOIA request.

system of records was likely to contain responsive records, describes how the search was conducted nor identifies the records located and released to plaintiff.

### b. Request Number EOUSA-2019-003111

Plaintiff challenges the adequacy of EOUSA's search for records responsive to his request for "any and all documents related to the EOUSA's representation of the BOP or BOP employee in any civil case where judgment was rendered against the BOP or BOP employee for violating the civil rights of any inmate confined at USP Lewisburg." Pl.'s Mem. at 7. According to plaintiff, "[i]t would be ridiculous for anyone to believe, based on the extensive history of UPS Lewisburg, that the EOUSA never represented the BOP or a BOP employee[.]" *Id*. He purports to bolster his position by asserting that results from a separate FOIA request to BOP yielded information about "four cases in which the EOUSA did take part in a civil action rendered against the BOP." *Id*. at 7-8. Plaintiff opines that EOUSA must have "in its possession documents related to all civil cases rendered against the BOP or BOP employee," and demands that EOUSA search for and release such records. *Id*. at 8.

Plaintiff's focus is misdirected, as the adequacy of an agency's search is judged "not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003). Thus, plaintiff is not entitled to summary judgment on the ground he puts forward. EOUSA is not entitled to summary judgment either because it does not demonstrate that its search was reasonable.

EOUSA's declarant states that the agency referred plaintiff's FOIA request to the United States Attorney's Office for the *Western* District of Pennsylvania because the prison is located there and because plaintiff asked that that office's records be searched. *See* Finney Decl. ¶ 9. But the prison, USP Lewisburg, is located in the *Middle* District of Pennsylvania, as plaintiff's

7

FOIA request indicates. In this circumstance, EOUSA does not demonstrate that a search of Western District records was reasonably calculated to locate records responsive to a request pertaining to USP Lewisburg in the Middle District of Pennsylvania.

### 2. OPM's Search for Responsive Records

The Court accepts OPM's representation that it did respond to plaintiff's FOIA requests, *see* Defs.' SMF ¶¶ 21-24, and, therefore, denies plaintiff's summary judgment motion in part. However, because OPM does not demonstrate that its search for responsive records was reasonable, the Court will deny its cross-motion for summary judgment.

OPM's declarant states that responsive records likely would be maintained by its Human Capital Data Management and Modernization Directorate (HCDMM) in the Enterprise Human Resources Integration database (EHRI), Ronayne Decl. ¶ 6, and that HCDMM staff sent the requested data to plaintiff on a single CD by certified mail, *id.* ¶ 12. The declarant offers no description of EHRI, how its records are organized, the means by which EHRI is searched, or the responsive records themselves. On this meager record the Court cannot determine whether the search was a reasonable one. Even if OPM had conducted a reasonable search, there is a second reason to deny summary judgment: its justification for redacting information under Exemption 6 falls short.

### C. Exemption 6

Under Exemption 6, "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" are not subject to disclosure. 5 U.S.C. § 552(b)(6). It is apparent that OPM's responsive records qualify as personnel and similar files within the scope of Exemption 6. OPM falters, however, because its declaration asserts in conclusory fashion that release of the "names and duty locations, personnel

8

and medical files . . . would constitute a clearly unwarranted invasion of personal privacy." Ronayne Decl. ¶ 13.

OPM relies on its Data Release Policy (https://www.opm.gov/policy-data-oversight/data-analysis-documentation/data-policy-guidance/data-standards/data-release-policy-november-2018.pdf) "which provides for the redaction of identities and duty station locations of individuals in sensitive occupations, employed by designated Security Agencies, or at the Department of Defense," Ronayne Decl. ¶ 13, yet offers no explanation of how the policy applies to BOP and its employees.  While OPM's Data Release Policy designates the Federal Bureau of Investigation, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Alcohol and Tobacco Tax and Trade Bureau, the United States Mint, the United States Secret Service, and all U.S. Attorneys' Offices as "security/sensitive agencies," responsive records presumably include employees who are not correctional officers and whose occupations might not be sensitive, raising a question as to whether OPM's Data Release Policy applies to *all* BOP employees.

Exemption 6 "does not categorically exempt individuals' identities, though, because the privacy interest at stake may vary depending on the context in which it is asserted." *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 153 (D.C. Cir. 2006) (quoting *Armstrong v. Executive Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996) (internal quotation marks omitted).  Given the lack of clarity as to the nature of the responsive records and the employees about whom OPM has redacted information, the Court cannot evaluate the privacy interest at stake or, in turn, whether the privacy interest outweighs any public interest in disclosure.

Accordingly, it is hereby

9

ORDERED that plaintiff's Motion for Summary Judgment [64] is DENIED WITHOUT PREJUDICE; it is further

ORDERED that Defendants EOUSA and OPM's Cross-Motions for Summary Judgment [68] are DENIED WITHOUT PREJUDICE; and it is further

ORDERED that EOUSA and OPM shall file a renewed summary judgment motion by June 15, 2023.

SO ORDERED.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE:  May 10, 2023