## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLTON THEODORE LANDIS,       :

                                         :

                    Plaintiff,         :

                                         :          Civil Action No. 21-0504 (CKK)

                       v.             :

                                         :

FEDERAL BUREAU OF PRISONS, *et al.*,  :

                                         :

                  Defendants.      :

### MEMORANDUM OPINION

This matter is before the Court on the Office of Personnel Management's renewed summary judgment motion (ECF No. 125). For the reasons discussed below, the Court grants the motion.

### I. BACKGROUND

#### A. Procedural History

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, challenging the responses of the Federal Bureau of Prisons ("BOP"), Office of Personnel Management ("OPM"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and Executive Office for United States Attorneys ("EOUSA") to his requests for information. The Court has granted summary judgment in favor of ATF (ECF No. 71), BOP (ECF Nos. 71 and 102), EOUSA (ECF No. 118), and OPM on the adequacy of its search for records responsive to plaintiff's FOIA request (ECF No. 118). The Court granted OPM's motion for partial stay of proceedings while OPM reconsidered its data release policy with respect to BOP employees, and lifted the stay by Minute Order on February 3, 2025, upon consideration of OPM's status report (ECF No. 120).

1

OPM filed its renewed motion for summary on March 25, 2025, and sent a copy to plaintiff at his address of record which, according to plaintiff's Notice of Change of Address (ECF No. 123), is the United States Penitentiary Canaan in Waymart, Pennsylvania.  The Court issued an order (ECF No. 126) on March 26, 2025, directing plaintiff to file his opposition or other response to OPM's motion by April 30, 2025, and advising that, if he failed to respond timely, the Court would treat the motion as conceded and, if circumstances warrant, enter judgment in OPM's favor.  The Clerk of Court mailed a copy of the Order to plaintiff at his address of record.  To date, plaintiff neither has filed an opposition nor has requested an extension of time to do so.[1]

The Court, therefore, bases this ruling on Office of Personnel Management's Renewed Motion for Summary Judgment on Exemption 6 and Memorandum in Support (ECF No. 125, "OPM Mem."), the Second Supplemental Declaration of Becky C. Ronayne (ECF No. 125-1, "2d Supp. Ronayne Decl."), and Defendant Office of Personnel Management's Supplemental Statement of Material Facts (ECF No. 125-3, "2d OPM SMF"), as well as the Supplemental Declaration of Becky C. Ronayne (ECF No. 89-9, "Supp. Ronayne Decl.").

### B. Plaintiff's FOIA Request to OPM and OPM's Responses

Plaintiff sought "all data fields concerning all employees of the Bureau of Prisons," 2d OPM SMF ¶ 4, to include each employee's name, title series, grade, salary and duty station, *see id.*, for calendar years 2017 and 2018, *see id.* ¶¶ 4-6.  OPM maintained responsive records in its Enterprise Human Resources Integration (EHRI) database.  Supp. Ronayne Decl. ¶ 5.  From the

---

[1]    Plaintiff, who currently is designated to USP McCreary in Pine Knot, Kentucky, acknowledges he "did not respond to the OPM's motion for summary judgment, and put the "Court . . . on notice that [he] does not intend to respond" to it.  Mot. for Status Update (ECF No. 128) ¶¶ 2, 4.

responsive records, "[f]or the 2017 and 2018 list, employee names and geographic location data elements were redacted for each employee appearing on the roster that were determined to be in a sensitive occupation." Supp. Ronayne Decl. ¶ 7. At that time, OPM's data release policy called for the redaction of identities and duty station locations of only two categories of BOP employee: Correctional Officer (0007) and Compliance Inspection and Support (1802). *See* 2d OPM SMF ¶ 8; 2d Supp. Ronayne Decl. ¶ 11; Supp. Ronayne Decl. ¶¶ 9-10.

On May 3, 2022, OPM sent "to [p]laintiff at his then place of incarceration by certified mail . . . a single CD, along with a cover letter forwarding the information and explaining to [p]laintiff that information was withheld pursuant to Exemption 6." 2d OPM SMF ¶ 7. Plaintiff never received the disc because BOP confiscated it. *See id*. ¶ 10.

"BOP informed OPM that it had serious issues with OPM's release of information concerning BOP staff . . . and . . . about the safety of those individuals as they work in a dangerous prison system[.]" *Id*. ¶ 9. BOP considered itself a law enforcement agency, and in its view, "all BOP staff are in sensitive law enforcement positions requiring interactions with prisoners." *Id*. Based on these concerns, and the Court's prior approval of BOP's decision to withhold information about its employees under Exemption 6, OPM revised its data release policy. *See id*. ¶¶ 11-12; *see generally* 2d Supp. Ronayne Decl., Ex. A (ECF No. 125-2, The U.S. Office of Personnel Management Public Data Release Policy). OPM has "include[d] BOP as a security/sensitive agency under which all employees' identities and duty station location information is redacted when publicly released." 2d Supp. Ronayne Decl. ¶ 17.

## II. LEGAL STANDARD

A FOIA case typically is resolved on a motion for summary judgment. *See Petit-Frere v. U.S. Attorney's Office for the Southern District of Florida*, 800 F. Supp. 2d 276, 279 (D.D.C.

2011) (citations omitted), *aff'd*, No. 11-5285, 2012 WL 4774807, at *1 (D.C. Cir. Sept. 19, 2012) (per curiam).  The Court grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  More specifically, in a FOIA action to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'" *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)).

Summary judgment in a FOIA case can be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and non-conclusory," *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotations and citations omitted), and when they:

> Describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith.

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  "To successfully challenge an agency's showing that it complied with FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records."  *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

## III. DISCUSSION

### A. OPM's Responsive Records are Personnel or Similar Files

Under Exemption 6, "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" are not subject to disclosure. 5 U.S.C. § 552(b)(6). "[T]he label of the file which contains the damaging information" is not dispositive, *U.S. State Dep't v. Washington Post Co.*, 456 U.S. 595, 601 (1982), and Exemption 6 "cover[s] detailed Government records on an individual which can be identified as applying to that individual," *id.* at 602 (citation omitted). Here, it is apparent that the responsive records, maintained in the Enterprise Human Resources Integration Database, that is, "OPM's official source of government-wide workforce information," Supp. Ronayne Decl. ¶ 5; *see* 2d Supp. Ronayne Decl. ¶ 25, qualify as personnel files within the scope of Exemption 6.

### B. BOP Employees' Privacy Interests Outweigh Public Interest in Disclosure

To determine whether application of Exemption 6 justifies OPM's decision to withhold names and duty stations of BOP employees, the Court applies "a three-step process" described as follows:

> First, [the Court] ask[s] whether the agency has shown a privacy interest in the information being withheld. Second, if a privacy interest exists, [the Court] analyze[s] whether the party seeking production has shown a public interest in the information. Third, if both a privacy interest and public interest exist, [the Court] must then determine if the privacy interest substantially outweighs the public interest.

*Insider Inc. v. Gen. Servs. Admin.*, 92 F.4th 1131, 1135 (D.C. Cir. 2024) (citing *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 153 (D.C. Cir. 2006)).

"The privacy interest of civilian federal employees includes the right to control information related to themselves and to avoid disclosures that 'could conceivably subject them to annoyance or harassment in either their official or private lives.'" *Elec. Priv. Info. Ctr. v.*

*Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 116 (D.D.C. 2005) (quoting *Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980)).  Exemption 6 protects "a substantial, as opposed to a *de minimis*, privacy interest," *Prison Legal News v. Samuels*, 787 F.3d 1142, 1147 (D.C. Cir. 2015) (citations and internal quotation marks omitted), and "[t]he scope of a privacy interest under Exemption 6 will always be dependent on the context in which it has been asserted," *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 581 (D.C. Cir. 1996).  "The threshold requirement of a substantial privacy interest 'is not very demanding.'"  *Niskanen Ctr. v. FERC*, 20 F.4th 787, 791 (D.C. Cir. 2021) (quoting *Multi Ag Media LLC v. Dep't of Agriculture*, 515 F.3d 1224, 1230 (D.C. Cir. 2008)).

These BOP employees have at least a *de minimis* privacy interest in their names and places of employment.  *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989) (remarking that "both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person").  Here, OPM asserts that these employees have a "heightened privacy interest," 2d Supp. Ronayne Decl. ¶ 24, given their "vulnerability . . . to danger and harm posed by their work in a prison setting," *id*. ¶ 23.  "A substantial privacy interest is anything greater than a *de minimis* privacy interest," *Multi Ag Media*, 515 F.3d at 1229-30, and OPM adequately demonstrates that BOP employees have a substantial privacy interest in their names and duty station locations.

It is the requester's obligation to identify a public interest to weigh against the employees' privacy interest, and plaintiff fails to meet this obligation.  The only relevant public interest in this context harkens back to the principal purpose of the FOIA: to "shed[] light on an agency's performance of its statutory duties[.]"  *Reporters Comm*. 489 U.S. at 762; *see Insider*, 92 F.4th at 1136 (noting that, "to be cognizable under the FOIA, a public interest must sound in

activities that reveal information about the government itself"); *see also Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993) (stating that *Reporters Committee* standard "is applicable in the case of Exemption 6").

"Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose." *Beck*, 997 F.2d at 1493 (quoting *Reporters Comm.*, 489 U.S. at 773). OPM's declarant asserts that "the balance is heavily in favor of non-disclosure because knowing BOP employees' names and duty locations does not shed light on the operation of BOP and does not overcome BOP employees' substantial privacy interests or their safety concerns," 2d Supp. Ronayne Decl. ¶ 26; 2d OPM SMF ¶ 29, and the Court concurs with OPM's assessment. *See Beck*, 997 F.2d at 1493 ("The identity of one or two individual relatively low-level government wrongdoers, released in isolation, does not provide information about the agency's own conduct."); *SAI v. Transportation Sec. Admin.*, 315 F. Supp. 3d 218, 262 (D.D.C. 2018) (withholding under Exemption 6 personal information about TSA employees absent a "discernible public interest in the redacted information"); *Pinson v. U.S. Dep't of Justice*, 61 F. Supp. 3d 164, 186 (D.D.C. 2015) (finding no "significant public interest in the release of" agency employees' names); *see also Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989) ("[E]ven a modest privacy interest[] outweighs nothing every time.").

**C. Foreseeable Harm in Release of Names and Duty Station Locations**

"[A]n agency must show both that the record falls within a FOIA exemption, 5 U.S.C. § 552(b), and that the agency reasonably foresees that disclosure would harm an interest protected by the exemption, *id.* § 552(a)(8)(A)(i)(I)." *Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020) (internal quotation marks and brackets omitted); *see Amiri v. Nat'l Sci. Found.*, 664 F. Supp. 3d 1, 21 (D.D.C. 2021) (discussing foreseeable harm with respect to

information withheld under Exemption 6), *aff'd*, No. 21-5241, 2022 WL 1279740 (D.C. Cir. Apr. 28, 2022).

OPM's determination begins with BOP's new status as a security/sensitive agency, *see* 2d Supp. Ronayne Decl. ¶¶ 18, 23, OPM's "heightened awareness of the vulnerability of BOP employees to danger and harm posed by their work in a prison setting and the various duties they may be called upon to perform," *id.* ¶ 23, and acknowledgment of "the heightened privacy interest these individuals have in shielding their identities and duty stations from public release," *id.* ¶ 24. Its declarant explains that, given BOP employees' responsibility for the custody, supervision and treatment of criminal offenders in correctional institutions, release of their names and duty station locations "potentially compromises [BOP's] ability to run a safe and effective correctional environment[.]" *Id.* ¶ 22. BOP employees "work in a . . . prison setting [where] they oversee inmates on a daily basis," *id.* ¶ 25, and "many [are] violent," *id.* ¶ 26.

According to the declarant, release of employee names and duty station location information could subject BOP staff to pressure from inmates "to commit illegal acts under duress (e.g., bringing in contraband, arranging for an escape, operating an outside criminal enterprise)," *id.* Further, the declarant states, "[t]he release of this information could subject those BOP employees and their families to being searched on the internet or otherwise located by prisoners, former prisoners, or their families." Supp. Ronayne Decl. ¶ 11; *see* 2d Supp. Ronayne Decl. ¶ 25. For these reasons, "the risk of harm is great given where [BOP employees] work and who they work with." *Id.* ¶ 26. Thus, she asserts, release of BOP employees' names and duty stations "could reasonably be expected to endanger their lives and physical safety, as well as those of their families." *Id.* ¶ 25.

An agency may withhold information under Exemption 6 if it "make[s] a 'focused and concrete" showing that disclosing the withheld records would cause foreseeable harm." *Williams & Connolly, LLP v. Dep't of Homeland Sec.*, No. 24-cv-2322 (PLF), 2025 WL 3039859, at *10 (D.D.C. Oct. 31, 2025) (quoting *Reporters Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 370 (D.C. Cir. 2021) (citing 5 U.S.C. § 552(a)(8)(A)(i)(I)).   OPM meets its burden, as its declarant plausibly asserts that release of BOP employees' names and duty stations is "of a type that might invite unwanted intrusions[.]"  *Niskanen Ctr.*, 20 F.4th at 791; *see Alford v. Collins*, No. 22-cv-2856 (RBW), 2025 WL 3140556, at *9 (D.D.C. Nov. 10, 2025) (withholding "personally identifiable information about low-level [Department of Veterans Affairs] employees" under Exemption 6 based on declarant's representation that VA employees had been "subjected to harassment by Veteran claimants in the past for being associated with decisions as these are claims for benefits that deeply affect Veterans"); *Judicial Watch, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 22-cv-3051 (DLF), 2024 WL 3924563, at *4 (D.D.C. Aug. 23, 2024) (approving agency's decision to withhold employees' identities "in order to protect those individuals from harassment and threats"), *aff'd*, No. 24-5241, 2025 WL 1122340 (D.C. Cir. Apr. 14, 2025); *Louise Trauma Ctr. LLC v. U.S. Dep't of Homeland Sec.*, No. 20-cv-01128 (TNM), 2022 WL 1081097, at *7 (D.D.C. Apr. 11, 2022) (withholding names of trainers where agency demonstrated that "disclosure . . . would subject them to harassment for providing assistance to USCIS").

The Court concludes that the responsive records fall within the scope of Exemption 6, that the BOP employees have a privacy interest in their names and duty station locations, that no public interest in disclosure outweighs the employees' privacy interest, and that OPM reasonably foresees that release of the information would harm an interest protected by Exemption 6.

**D. Segregability**

"[N]on-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)); 5 U.S.C. § 552(b). OPM's declarant represents that the agency "will be re-issuing its response to [p]laintiff's FOIA requests," 2d Supp. Ronayne Decl. ¶ 20, and "will be making the redactions pursuant to Exemption 6 on the basis of OPM's updated data release policy, which provides for the redaction of identities and duty station locations of BOP staff as they work in a security/sensitive agency," *id*. ¶ 21. The Court presumes that OPM actually did release the redacted records and did send them to plaintiff at his address of record. And based on OPM's representation that only the names and duty station locations of BOP employees have been redacted, *see* 2d OPM SMF ¶¶ 17-19; 2d Supp. Ronayne Decl. ¶¶ 20-21, the Court concludes that OPM has disclosed all non-except portions of the responsive records.

**IV. CONCLUSION**

The Court concludes that OPM properly withheld the names and duty station locations of BOP employees under Exemption 6. OPM's renewed motion, therefore, is granted, and an Order is issued separately.

/s/
COLLEEN KOLLAR KOTELLY
United States District Judge

DATE: January 12, 2026